AUGUSTUS W. BLAZO, Respondent, *v.* WILLIAM P. GILL, Appellant.

*Contract to erect a building for its cost and a stipulated sum for services — evidence, as to the agreement — as to the cost.*

Blazo, an architect and builder, agreed to "supervise, build, furnish and complete" a house for Gill for a certain sum for his services, in addition to the exact cost of the labor and material; there was a memorandum annexed to the agreement, containing a list of work and materials, with sums set opposite each, which footed up a certain amount. Blazo having brought an action against Gill to recover a balance unpaid on his claim for services and the cost of the house, the defendant claimed that there was an agreement that the house should cost only the amount stated in the memorandum, and that the cost so stated was less than the sum claimed by the plaintiff.

*Held,* that the evidence warranted a finding that the amount stated in the memorandum was a mere estimate of the cost.

The plaintiff testified as to the cost of the house in gross and detail, and was supported by vouchers, and it appeared that he looked over and specified everything that was ordered and sent to the house.

*Held,* that the rule would be too strict which should require the plaintiff personally to know that each article was furnished and day's work done, and that, in the absence of proof that articles ordered were not delivered, a finding in his favor as to the cost was warranted by the evidence.

APPEAL by the defendant, William P. Gill, from a judgment in favor of the plaintiff, entered in the office of the clerk of Kings county on the 7th day of July, 1891, upon the report of a referee.

*G. G. & F. Reynolds*, for the appellant.

*Josiah T. Marian*, for the respondent.

BARNARD, P. J.:

The plaintiff, who is an architect and builder, agreed to "supervise, build, furnish and complete" a house for the defendant for the sum of $1,500. The plaintiff was to contract for the building in all its details with the greatest economy and was to charge everything at the exact cost. The plaintiff completed the house at a cost for materials and labor of $18,224.68. The defendant has paid on account of this $16,234.57. The plaintiff seeks to recover in this action the balance, $1,990.11. The first issue which the defendant makes is that the plaintiff agreed that the house was to be com-

pleted for $16,498, besides the plaintiff's pay for supervision. There was a memorandum annexed to the contract containing a list of work and materials and there were sums of money opposite each which footed up at $16,498. The question tried before the referee was whether there was an estimate only and not an agreement by the plaintiff that the building should cost no more. The parties differed in their testimony. The paper purports to be an estimate memorandum only. The plaintiff so testifies. The contract favors this view. It provides that the plaintiff shall have all cost and there is no limitation that the cost shall not exceed the estimate. The finding of the referee on this question is supported by the evidence. The defendant makes an issue whether or not the cost was as much as claimed. The plaintiff makes a very clear case upon this question. He testifies to the sum in gross and to its details. He is supported by vouchers. A large number of the labor and material bills are supported by the parties showing that their bills were reasonable and just, and thus amount to over $10,000. Vouchers for every bill were given defendant by the plaintiff. The rule would be too strict which should require the plaintiff to personally know that each article and day's work was done, or that the material-man should himself know the cost of his articles. An order was given. It was apparently filled. The employees loaded the wagon and the contents were delivered at the house. The plaintiff looked over and specified everything which had been ordered and sent to the building, before it was paid for. In the absence of proof showing that the articles were not delivered, the finding is warranted by the evidence.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.